**WEIR et, Plaintiffs-Appellants v. WHITNEY et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19580. Decided August 7, 1944.

Hartshorn, Thomas, Abele, Mitchell & Edelman, Cleveland, for plaintiffs-appellants.

Miller & Hornbeck, Cleveland, for defendants-appellees.

## OPINION

By MORGAN, P. J.

This motion entitled "For temporary restraining order" seeks an order from this court restraining the defendants "from issuing and distributing ballots for the election of a General Chairman of the Grievance Committee of the St. Louis and San Francisco Railroad System of the Brotherhood of Railroad Trainmen without placing the name of D. F. Page on said ballots."

D. F. Page is one of the plaintiffs in this case and at one time was the Chairman of the Local Grievance Committee of Lodge No. 106 of the Brotherhood of Railroad Trainmen, located at St. Louis, Missouri, on the Frisco Railroad. The other plaintiffs are members and former officers of Lodge No. 106.

The gravamen of the complaint of the petition is that an election was held in 1939 by the Brotherhood for the position of Chairman of the General Grievance Committee of the Brotherhood of the Frisco System. D. F. Page was a candidate and the return of the election showed that he received 336 votes. F. W. Morey, by the return, received 702 votes which was more than a majority of all the votes cast and was declared elected.

The plaintiffs allege in their petition that the election was not duly held and was not conducted as required by the constitution of the Brotherhood. Furthermore, that Page actually

received a majority of the votes cast but was fraudulently "counted out."

Plaintiffs prayed in their petition that the election of Morey be declared null and void and that the court order a new election to be held.

The petition also alleges that the defendant Whitney, president of the Brotherhood, had threatened "severe disciplinary action" against plaintiffs if they should persist in questioning the validity of said election; that he would, unless unrestrained, attempt to remove "plaintiffs from their respective offices in Local Union No. 106 * * * thereby preventing them from effectively prosecuting this action as members in good standing of said Brotherhood." The petition also prayed that pending the hearing of the case defendants "be restrained from taking any disciplinary action against plaintiffs for carrying on this action" and "from removing or attempting to remove plaintiffs as officers of Local Union No. 106 * * *".

The Common Pleas Court refused to issue the restraining order prayed for and on July 3rd, 1940 defendant Whitney, as president of the Brotherhood, issued an order removing plaintiffs "from any and all offices held by you in the Brotherhood and are prohibited from holding an office in or representing a lodge of the Brotherhood during the life of this removal order." The plaintiffs took all appeals provided within the Brotherhood from this removal order but the order was sustained.

Following the trial on the issues in the Common Pleas Court the petition was dismissed and upon the overruling of their motion for a new trial the plaintiffs filed their notice of appeal to this court where the case is now pending.

On July 27th, 1944, the plaintiffs filed this motion in this court for a temporary restraining order. From this motion and an affidavit filed in support thereof it appears that Morey has resigned as General Chairman of the Grievance Committee of the Brotherhood on the Frisco System, effective upon filling the vacancy created by his resignation; that a general referendum vote has been invoked to elect Morey's successor as General Chairman.

It has been ordered by defendants that all nominations are to be sent to the defendant Whitney on or before August 8th, 1944. Several lodges have nominated plaintiff D. F. Page for this position. Whitney has notified those submitting the

name of Page that the nomination will not be recognized and that Page's name will not appear on the ballot by reason of the said order of July 3rd, 1940. The salary of the General Chairman is $4800 per year. It is not denied that the ballots which defendants will issue and distribute unless defendants are restrained by this court will not contain the name of D. F. Page.

At the hearing on this motion plaintiffs conceded that under the constitution of the Brotherhood the president has the power "to suspend or remove any subordinate lodge officer for sufficient cause" but they contend that the president under the constitution of the Brotherhood had no right or authority to deprive Page and the other removed officers of the lodge "from ever in the future holding such offices in the Brotherhood as their fellow members may choose to bestow upon them."

In the view the court takes of this matter it is not necessary to decide this question raised by the plaintiffs. It is the opinion of the court that the allegations of the petition and the issues in the case do not furnish any basis for this motion.

The only relief sought by the petition on final hearing was an order holding that the election of Morey in 1939 was fraudulent and illegal and should be set aside. It is true that one paragraph of the petition sets forth allegations which were made the basis of an application for a temporary restraining order but these allegations were to the effect that the defendants intended to interfere with the prosecution of the case to hold the election of Morey in 1939 fraudulent and void. In the language of the petition the plaintiffs sought a temporary restraining order to restrain the defendants from taking action which would prevent the plaintiffs "from effectively prosecuting this action as members in good standing of said Brotherhood." It thus appears that the allegations of the petition on which the prayer for a temporary restraining order was based were wholly ancillary and subordinate to the one and only cause of action set forth in the petition.

The petition in this case has not been amended in any particular and no supplementary pleading has been filed. It is clear that the motion for a restraining order now under consideration is not ancillary to and in fact has no relation to the cause of the action of the petition.

The facts on which this application for a restraining order is based present a wholly new cause of action from the one set forth in the petition. The new cause of action is based on Morey's resignation and the referendum election called to fill the vacancy. The petition deals wholly with the election of 1939. The motion for a restraining order deals with an election to fill the vacancy caused by Morey's resignation four years after the petition in this case was filed. While the motion is denominated one "for a restraining order" the plaintiffs are really seeking a mandatory injunction to compel the defendants to place Page's name on the ballot in the referendum election to fill the vacancy. By granting a restraining order as prayed for in this case the court would be, in effect, granting a mandatory injunction on a cause of action which is not hinted at in the petition and which when the petition was filed did not then exist.

Clearly there is no basis in this case for granting what is, in effect, a permanent mandatory injunction upon a cause of action not mentioned in the petition.

LIEGHLEY and SKEEL, JJ., concur.

SKEEL, J., concurring:

I concur in the dismissing of the motion for a temporary restraining order for reasons set forth in the memorandum by Judge Morgan. The motion should be dismissed for the further reason that the plaintiffs have not exhausted their rights expressly provided for them by the constitution of the Brotherhood. Until this has been done there can be no appeal to the courts.

The record discloses that after the entry of dismissal of the plaintiffs, of July 3rd, 1940, an appeal was taken by them to the Board of Directors and the Board of Appeals, as provided by the constitution. Upon hearings the removal order was sustained. The plaintiffs are by the constitution granted the right to appeal such finding against them in the next convention. Until this has been done civil jurisdiction should not be invoked in controversy between the Brotherhood and its members.